NOTE.—See Com. *v.* Larkin. Jr., 3 D. & C. 259.

---

## Fines for Violation of Dog Law.

*Dog Law—Animals—Licenses—Fines—Justice of the peace—Remittance of fines to State Treasury—Remedies against justice who fails to return fines —Act of May 11, 1921.*

1. Under the Act of May 11, 1921, P. L. 522, fines for violation of the Dog Law should be paid by the justice of the peace who collects them into the State Treasury.

2. If a justice of the peace fails to return them, civil action may be brought against him through the Department of Agriculture, or criminal proceedings may be instituted against him for embezzlement or malfeasance in office.

3. The word "forthwith," used in the Act of 1921 in connection with the payment of such fines to the State, means that the payment should be made within such convenient time as is reasonable and requisite. It should be made, in fact, within a few days.

Attorney-General's Department. Opinion to Hon. F. P. Willits, Secretary of Agriculture.

BROWN, Dep. Att'y-Gen., April 3, 1923.—From your letter of March 16, 1923, it appears that you have some cases on hand in which justices of the peace have imposed fines for violations of the Act of May 11, 1921, P. L. 522, known as the Dog Law, and failed to remit such fines when collected to the county treasurer. Section 36 of the act provides: "All fines collected under the provisions of this act shall be forthwith paid to the county treasurer and by him paid into the State Treasury."

The fines belong to the State, and it is, therefore, the duty of the justice imposing and collecting them to pay them over to the county treasurer. If the fines collected are not so paid over, the State may proceed, through the Department of Agriculture, to collect from the justice such fines as have been retained by him. This can be done by instituting a civil action against the justice, and, if necessary, his bondsman, to recover money due the State.

A justice of the peace who retains fines collected by him and which belong to the State may also "be proceeded against for embezzlement or malfeasance in office."

"Forthwith," when used in reference to time, is generally construed to mean without delay. The construction usually given by the courts to the word "forthwith," when occurring in statutes, is that the act referred to should be performed within such convenient time as is reasonable and requisite: Meyers *v.* Dunn, 104 S. W. Repr. 352. Reasonable time in the case under consideration should not be more than a few days, as within that time a justice of the peace can readily send to the county treasurer any fines collected by him.

From C. P. Addams, Harrisburg, Pa.